UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| STEPHEN R. CLARK, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, )<br>ACTING COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. ) | No. 4:15-cv-00110-SEB-TAB |

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR REMAND**

**I.   Introduction**

The Commissioner seeks remand of the denial of Plaintiff Stephen Clark's applications for Social Security Supplemental Insurance Benefits and Disability Insurance Benefits for two reasons: (1) to clarify the Administrative Law Judge's assessment of the opinions of state agency reviewing physicians; and (2) to determine whether Clark was obese during the relevant period. For the reasons set forth below, the Magistrate Judge recommends that the Commissioner's motion be denied and that the ALJ's decision be reversed with an order to grant Clark's applications for benefits.

**II.   Background**

Clark applied for SSI and DIB alleging an onset date of January 1, 2011. His claim was denied initially and upon reconsideration. Clark's first hearing was held before an ALJ on February 5, 2013, and the ALJ denied him benefits by written opinion on March 13, 2013. The Appeals Council denied review. On appeal, this Court granted the Commissioner's request for a joint remand in November 2014, with orders to properly consider the opinion evidence of Dr.

Cresci, treating psychiatrist, and Terry Payne, licensed clinical social worker. [Filing No. 11-14, at ECF p. 105.] Following this remand, the same ALJ held another hearing on April 22, 2015. The ALJ again denied benefits by written decision, dated May 22, 2015. Again, the Appeals Council denied review. Clark's second appeal to this Court followed. Now, the Commissioner again moves for remand. Clark argues nothing is to be gained by another remand and asks this Court to award him benefits.

According to the ALJ's new decision, Clark has not engaged in substantial gainful activity since his alleged onset date and has the following severe impairments: left shoulder and left knee joint degeneration; lumbar degenerative disc disease; bipolar disorder; post-traumatic stress disorder; personality disorder; explosive disorder; a learning disorder; and a history of alcohol dependence. [Filing No. 11-13, at ECF p. 21.] Though the ALJ found that Clark's impairments did not meet or medically equal any relevant listing, he assigned Clark an RFC to perform sedentary work with the following limitations:

> Claimant could frequently climb ramps or stairs; occasionally stoop, kneel, crouch, and crawl; and never climb ladders, ropes, or scaffolds. The claimant is limited to frequent reaching with the non-dominant left upper extremity and occasional overhead reaching with the non-dominant left upper extremity. Further, the claimant should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. The claimant is limited to simple and repetitive tasks, as well as simple work-related decisions. The claimant is unable to perform at production rate pace (such as assembly line work), but could perform goal-oriented work (such as an office cleaner). Moreover, the claimant is limited to tolerating occasional changes in a routine work setting. The claimant could occasionally interact with supervisors and co-workers on a superficial basis. Finally, the claimant could never interact with the public as part of his job duties.

[Filing No. 11-13, at ECF p. 22-23.] Given this RFC, the ALJ found Clark could not perform his past relevant work as a construction worker. [Filing No. 11-13, at ECF p. 35.] Based on the vocational expert's testimony, the ALJ found that given Clark's age, education, work experience, and RFC, Clark could perform the job of a hand packer, folder, and tester/sorter. [Filing No. 11-

13, at ECF p. 36.] Thus, the ALJ found Clark was not disabled. [Filing No. 11-13, at ECF p. 36.]

### III. Discussion

*A.     Standard of review*

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). "The substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120 (7th Cir. 2014). The ALJ is obliged to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore*, 743 F.3d at 1123. The ALJ, however, need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013).

When substantial evidence is lacking, the normal course of action is to remand the case for another ALJ hearing. *Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). Only in rare cases will the Court reverse the ALJ's decision and directly award benefits. *T.M.H. v. Colvin*, 2016 U.S. Dist. LEXIS 76370, *6 (citing *Briscoe*, 425 F.3d at 355). In determining whether this case should again be remanded to the ALJ, or whether the Court should directly award benefits, the Court looks to 42 U.S.C § 405(g), which governs judicial review of the Commissioner's final decisions. *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). Under this section, the Court has the power to affirm, modify, or reverse the Commissioner's decision, with or without remanding the case for further proceedings. *Allord v Astrue*, 631 F.3d 411, 415 (7th Cir. 2011)

3

(citing 42 U.S.C. § 405(g)). This includes the power to remand the case with instructions for the ALJ to calculate and award benefits to the applicant. *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993). "An award of benefits is appropriate, however, only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord*, 631 F.3d at 415.

   *B. All factual issues have been resolved*

  The record is fully developed and all the factual issues involved in the entitlement decision have been resolved. The Commissioner's two contentions fail. First, the Commissioner argues that a second remand of this case is appropriate so the ALJ can reconsider the opinions of state agency reviewing physicians Drs. Everetts and Wenzler regarding Clark's orthopedic impairments in order to "fully inform Plaintiff of the basis for the ALJ's decision." [Filing No. 21, at ECF p. 2.] However, Dr. Everetts's specialty is anesthesiology and Dr. Wenzler's is cardiology. [Filing No. 22, at ECF p. 7.] Thus, there is no reason to believe they will be able to shed more light on Clark's orthopedic impairments than what is already contained in the record.

  Second, the Commissioner argues that remand is appropriate so the ALJ can evaluate Clark's obesity. The Commissioner relies on SSR 02-1p for this argument, which states that the obesity listing was deleted because the "criteria in the listing were not appropriate indicators of listing-level severity." [Filing No. 21, at ECF p. 2.] Indeed, SSR 02-1p reminds ALJs to consider the effects of obesity when evaluating disability. *Id*. However, obesity is not a condition argued by Clark. [Filing No. 22, at ECF p.7.] Moreover, Clark is disabled due to the combination of his mental and physical impairments even without being found obese. These physical and mental impairments are explained more fully below. Thus, it is not necessary for the ALJ to evaluate Clark's obesity. The Commissioner's arguments are unpersuasive and do

not convince the Court that the factual issues relevant to the disability determination are not resolved.

The Commissioner argues in her reply brief that there is conflicting medical evidence in the record relating to Clark's mental impairments. [Filing No. 23, at ECF p. 3.] The Commissioner points to the opinions of the state agency reviewing physicians that Clark could learn, remember, and perform unskilled tasks and the opinion of the consultative examining physician that, on the dates of his exams, Clark only appeared mildly depressed, was adequately groomed, and was able to understand and follow simple instructions. [Filing No. 23, at ECF p. 3-4.] However, the consulting physician's opinion is based on two exams spaced three years apart. The ALJ relied on this evidence in addition to Clark's daily activities of playing cards on the internet, cleaning, occasionally riding his motorcycle, and sharpening his pocketknives, in his finding that Clark was capable of performing full-time work. [Filing No. 11-13, at ECF p. 29.] However, Clark's ability to care for his personal needs does not equate to an ability to work in the labor market. *Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2008). Therefore, this evidence does not conflict with a finding of disability.

Clark's treating psychiatrist and therapist found that Clark exhibited a number of marked limitations in work-related mental tasks. [Filing No. 11-8, at ECF p. 137-140.] Additionally, the state agency psychological consultants found moderate limitations in maintaining concentration, persistence, or pace. [Filing No. 11-7, at ECF p. 72-75.] The jobs provided by the VE all require an employee to maintain concentration and pace, and none would allow more than two unscheduled absences per month. [Filing No. 11-13, at ECF p. 88-89.] SSR 96-8p states that an RFC assesses an individual's ability "to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" (i.e. eight hours a day, for five days a week).

The record is congruent with the ALJ's conclusion.  Substantial evidence supports a finding that Clark is unable to maintain concentration sufficient to work full time.  The record consistently shows that Clark's mental impairments prevent him from working.  No other factual issues remain.

        C.        *The record supports only one conclusion*

The record is replete with sufficient evidence of Clark's impairments to find him disabled.  The reviewing court can directly award benefits if all the "factual issues involved in the entitlement determination have been resolved" and it is clear that the only possible conclusion in the case is that the plaintiff is disabled.  *Allord,* 631 F.3d at 415 (citing *Briscoe,* 425 F.3d at 355).  This is such a case.

Clark's physical impairments are best described by Dr. Guttman, his primary care physician.  Dr. Guttman saw Clark every two months and completed an RFC questionnaire after the seventh month of treatment.  In this questionnaire, Dr. Guttman included the following diagnoses: bipolar disorder, internal derangement of knee, and chronic unspecified back pain. [Filing No. 11-11, at ECF p. 37-39.]  Clark did not initially have an x-ray or MRI because he could not afford them.  However, thirteen months later, in September 2013, Clark had an MRI which showed disc protrusion in his lower back with disc extrusion.  [Filing No. 11-11, at ECF p. 38-39.]  Dr. Guttman reported that Clark's symptoms were often severe enough to interfere with the attention and concentration required to perform simple work-related tasks and that he would need to take unscheduled breaks "every hour or so" during an eight-hour workday.  *Id*.  Dr. Guttman also opined that Clark was not a malingerer, was "probably not" physically capable of working an eight hour day on a sustained basis, and that he would miss three to four days of work each month as a result of his impairments.  [*Id*.]  The ALJ posed a hypothetical to the VE

based on Dr. Guttman's RFC. According to the VE, such a person would be unable to sustain full-time employment. [Filing No. 11-13, at ECF p. 86.] By extension, Clark is unable to sustain employment.

According to SSR 96-08p, a treating source's medical opinion must be given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2012). If the ALJ rejects a treating source's opinion, he must give a sound explanation. *Id.* The ALJ assigned Dr. Guttman little weight because she only saw Clark every two months, her prescribed treatment was conservative, and her opinion was not consistent with the substantial evidence of the record. [Filing No. 11-13, at ECF p. 32.] The ALJ failed to explain what he found inconsistent even though the opinions of the state agency medical consultants were assigned more weight. [Filing No. 11-13, at ECF p. 31.] The Seventh Circuit has held that: "[a]n ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice." *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). It was error for the ALJ to give Dr. Guttman little weight. Instead, Dr. Guttman's opinion should have controlling weight because it is well supported and consistent with the record.

In some cases, the opinion of an acceptable medical source may be outweighed by another source when he or she has seen the individual more and provides better supporting evidence and a better explanation for his or her opinion. SSR 06-03p. The ALJ would only give limited weight to Terry Payne since he is a licensed clinical social worker rather than a medical doctor. [Filing No. 11-13, at ECF p. 33.] Though Payne is a medical source, he is not an

acceptable medical source, and therefore cannot automatically be given controlling weight. SSR 06-03p. However, because acceptable medical sources established Clark has bipolar disorder, post-traumatic stress disorder, personality disorder, explosive disorder, a learning disorder, and a history of alcohol dependence, Payne can be relied on to analyze the severity of these impairments and how they affect Clark's ability to function. *Thomas v. Colvin*, 2016 U.S. App. LEXIS 11323, *18 (7th Cir. Ind. June 22, 2016) (quoting SSR 06-03p). In this case, opinion evidence from Payne is weighed by the same factors as acceptable medical sources. *See* SSR 06-03p (length and frequency of contact, how consistent the opinion is with the record, how well the opinion is explained, the degree to which the opinion is supported by relevant evidence, etc.). Payne met with Clark regularly and was in a unique position to evaluate the severity of Clark's impairments and offer an opinion on his functional capacity. Yet, the ALJ ignored much of this evidence without weighing the factors because Payne's reports "simply reiterated the claimant's subjective allegations, which were already shown to be less than credible." [Filing No. 11-13, at ECF p. 34.] The ALJ failed to recognize Payne's ability to evaluate Clark's impairments. Thus, affording Payne limited weight simply because he was not an "acceptable medical source" was error. To the contrary, Payne's opinion should have outweighed the reviewing psychologist's opinion.

     Based on his knowledge of Clark's individual impairments, Payne opined that Clark had a number of marked work-related limitations. [Filing No. 11-8, at ECF p. 137-140.] Likewise, the reviewing psychologist found moderate work-related limitations in maintaining concentration and attention at work, operating within a schedule, having regular attendance at work, and completing a normal work week without interference from his psychological impairments. [Filing No. 11-7, at ECF p. 72-75.] However, Payne's opinion gave more details and

information about Clark's limitations. These limitations were also adopted by the ALJ, despite the limited weight afforded to Payne. [Filing No. 11-13, at ECF p. 21.] Notably, Clark missed two or three days per week of work at his last place of employment due to his mental impairments. [Filing No. 11-2, at ECF p. 60-61.] Thus, Payne's opinion provides better evidence of the same limitations.

Clark's mother, Maggie Clark, was also in a unique position to observe the severity of Clark's symptoms and impairments since he lived with her and she saw him on a daily basis. Like Payne, without any analysis the ALJ gave her opinion little weight because it was her "lay opinion based upon casual observation versus objective medical examination and testing." [Filing No. 11-13, at ECF p. 35.] However, Mrs. Clark's opinion is helpful because it details Clark's daily activities that she witnessed firsthand. For instance, she explained Clark requires verbal prompts to take his medication, exhibits extreme mood swings, had lost most of his friends because of his anger, had become more reclusive, and had trouble sleeping. [Filing No. 11, at ECF p. 245-254.] This is consistent with the evidence supplied by Payne and Dr. Cresci. Thus, affording Mrs. Clark's opinion limited weight was error. Like Payne, Mrs. Clark gave more information about Clark's limitations than the reviewing psychologist.

If the ALJ had based his RFC on a more balanced view of the evidence, the VE would have found Clark unable to work. When questioned by Clark's counsel at the hearing, the VE testified that if Clark were off task twenty percent of the time and missed two days of work a month, he would be unemployable. The VE testified that Clark would need to maintain attention and perform repetitive work at the jobs the VE listed. [Filing No. 11-13, at ECF p. 88.] The opinions of Payne, the reviewing psychologist, and Mrs. Clark, support moderate to marked limitations in Clark's ability to maintain attention. Thus, the ALJ's conclusion that Clark can

perform the unskilled jobs provided by the VE (all of which require concentration, persistence, and work done at a certain pace) was error.

The evidence demonstrates that Clark is disabled due to his mental impairments. This conclusion is supported by the VE's testimony, the opinions of his treating physicians and agency examining consultants, Payne's treating records, statements from Clark's mother, and his own testimony. When considered in concert with his severe physical impairments, there is only one conclusion which can be drawn—that Clark is disabled.

The Magistrate Judge does not recommend an award of benefits lightly—and never has previously. However, this is a rare case. The lengthy record encompasses 1,500 pages and amply supports Clark's claim. There is a dearth of evidence contradicting Clark's claim. The first appeal to this Court resulted in an agreed remand. The Commissioner now seeks another remand of this second appeal. Given the multiple errors described above, and the evidence mandating an award of benefits, there is no sound reason to ask the ALJ to conduct a third hearing. The Magistrate Judge recommends that the ALJ's decision be reversed and benefits be awarded.

**IV.     Conclusion**

The Magistrate Judge recommends that the Commissioner's motion for remand [Filing No. 20] be denied and that this case be reversed with an order to grant Clark's applications for DIB and SSI pursuant to sentence four of 42 U.S.C. § 405(g).

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date:  8/5/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution to all counsel of record via CM/ECF.