UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| STEPHEN R. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:15-cv-00110-SEB-TAB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff Stephen R. Clark not entitled to social security supplemental insurance ("SSI") benefits and disability insurance benefits ("DIB"). The Commissioner sought remand under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Baker for initial consideration. On August 5, 2016, Magistrate Judge Baker issued a Report and Recommendation that the Commissioner's decision be reversed and remanded with an order to grant Mr. Clark's request for benefits. This cause is now before the Court on the Commissioner's Objections to the Magistrate Judge's Report and Recommendation. For the reasons explained in this Order, after *de novo* review, we OVERRULE in part the Commissioner's objections, MODIFY the Report and Recommendation, and REMAND this case for further consideration.

## **Standard of Review**

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368–69 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the decision of the Administrative Law Judge ("ALJ"), we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. P. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation,

and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs, Inc.*, 577 F.3d 752, 759–61 (7th Cir. 2009).

## **Discussion**[1]

Following Mr. Clark's appeal to this Court of the ALJ's May 22, 2015 decision, the Commissioner sought remand for further proceedings [Docket Nos. 20 (Def's Remand Motion) and 21 (Def's Memo)]. In support of the remand request, the Commissioner argued that further clarification of the opinions submitted by state agency reviewing physicians Doctors Everetts and Wenzler was needed "to fully inform Plaintiff of the basis for the ALJ's decision, and, if necessary, to permit meaningful judicial review." Def's Memo at 2. Pointing out that Mr. Clark had contended on appeal that the ALJ had misweighed these opinions, the Commissioner sought reconsideration in light of the record evidence as a whole. *Id.* Further, the Commissioner argued that since "some evidence in the record that [Mr. Clark] may have been obese during the period at issue in this case [,]" remand was necessary to allow the ALJ to properly consider the potential of Mr. Clark's obesity as a factor influencing the disability evaluation process. *Id.*

Mr. Clark filed a response opposing remand. Pl's Resp. at 1-4. He argues that "[t]here is nothing to be gained by such a remand to evaluate obesity and the opinions of

---

[1] Because the facts are sufficiently laid out in the ALJ's opinion, the parties' briefing, and the Magistrate Judge's Report and Recommendation, we do not reiterate them in full here.

3

Drs. Everetts and Wenzler, as the medical record is complete and shows disability due to the mental impairments even without reevaluation of the physical impairments." *Id.* at 1. According to Mr. Clark, the specializations of the state agency physicians (anesthesiology and cardiology) rendered them unqualified to evaluate Mr. Clark's physical impairments, which are all orthopedic. *Id.* at 2. He also asserts that in the May 2015 decision—

issued after an earlier remand—the ALJ made the same errors regarding the mental impairments as were made in the first decision. *Id.* at 3. Finally, he asserts that the medical records are fully developed in his case, so the proper remedy is reversal and remand for an award of benefits. *Id.* at 3-5.

The Magistrate Judge recommended that the Commissioner's motion for remand be denied and that the ALJ's decision be reversed and remanded on grounds other than those identified by the Commissioner. Report [Docket No. 26] at 4-10. Given the multiple errors running through the ALJ's decision and in light of the evidence mandating an award of benefits, the Magistrate Judge further recommended that the Court direct Mr. Clark's applications for SSI and DDI benefits be granted by the Commissioner. Report at 4-10 (citing *Allord v. Astrue*, 631 F.3d 411, 417 (7th Cir. 2011; and *Briscoe v. Barnhart*, 19 F.3d 329, 333 (7th Cir. 2005)). The Magistrate Judge also rejected the Commissioner's contentions in favor of remand for further proceedings, finding that "there is no reason to believe [the state agency physicians] will be able to shed more light on Clark's orthopedic impairments than what is already contained in the

4

record[,]" and that Mr. Clark "did not name obesity as a condition that affected him." Report at 4.

The Magistrate Judge further concluded that the record evidence leads to only one conclusion—that Mr. Clark is disabled due to his mental impairments. More specifically, he found that ALJ had erred in failing to give appropriate weight to the opinions of Mr. Clark's primary care physician, Mr. Clark's mother, and the licensed clinical social worker assigned to this case, and that, if given proper weight, the vocational expert's testimony, the opinions of Mr. Clark's treating physicians, his treating records, statements from his mother, and his own testimony, all support the conclusion that Mr. Clark was disabled. In addition, the Magistrate Judge discounted the conflicting medical evidence cited by the Commissioner, viewing it either as unreliable (stating that the consulting physician's opinions were based on exams spaced years apart) or consistent with his conclusion (stating that plaintiff's ability to care for his personal needs does not equate to an ability to work in the labor market).

The Commissioner objects to the Magistrate Judge's Report and Recommendation on the grounds that the award of benefits upon remand would be "improper and unwarranted." Def.'s Obj. [Docket No. 27] at 1. While acknowledging that the ALJ committed certain errors requiring remand, the Commissioner maintains that a direct award of benefits is inappropriate because all factual issues have not been resolved and the record evidence does not support the sole conclusion that Mr. Clark's mental impairments are disabling. Def.'s Obj. at 3-7.

The Seventh Circuit has cautioned that "[a]n award of benefits is appropriate . . . only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord*, 631 F.3d at 417. This is so "because a court does not have the authority to award disability benefits on grounds other than those provided under 42 U.S.C. § 405(g)." *Briscoe*, 19 F.3d at 333. Accordingly, and as acknowledged by the Magistrate Judge, the Court's reversal and award of benefits is rarely done. *T.M.H. v. Colvin*, __F.Supp.3d__, 2016 WL 3225983 (S.D. Ind. June 16, 2016) (internal citation omitted). We address the Commissioner's objections to the Magistrate Judge's Report and Recommendation below.

Consistent with the Magistrate Judge's Report, we also decline to remand Mr. Clark's case for reconsideration of the state agency reviewing physicians' opinions. As Mr. Clark notes, he is not claiming disability based on his physical impairments, if any.

We also share the view of the Magistrate Judge that the ALJ erred by failing to give appropriate weight to the opinions of Mr. Clark's treating physician, Dr. Guttman, to Mr. Clark's mother, Maggie Clark, and to Terry Payne, the licensed clinical social worker assigned to this case. Report at 6-8. Despite these errors, we decline to adopt the Magistrate Judge's recommendation that an order issue granting Mr. Clark's applications for SSI and DIB benefits because the record is insufficiently robust to warrant a judicial mandate supporting only the conclusion that Mr. Clark is disabled on the basis of his mental impairments. *See Allord*, 631 F.3d at 417 (nothing that if any "lingering doubt regarding [a claimant's] qualification for disability benefits" remains, a remand for an

6

award of benefits is inappropriate). The following record evidence highlighted by the Commissioner precludes a determination that the record supports only the conclusion that Mr. Clark is disabled due to his mental impairment:

- The opinions of the state agency reviewing psychologists Donna Unversaw, Ph.D. and J. Gange, Ph.D., that Mr. Clark had the mental capacity to learn, remember, and perform unskilled tasks in addition to managing superficial contact and attending reasonable task performance/completion. Tr. 924–25, 956.

- Plaintiff's reports that he played cards, used the internet, rode his motorcycle, cleaned, and sharpened pocketknives during the day, all of which evidenced his ability to maintain attention and persist in obtaining goals. Tr. 821.

- Plaintiff's initial medical status examination and GAF score of 60. Tr. 818.

- Dr. Kurzhal's September 2011 consultative examination, revealing normal speech and thought processes, full understanding of simple instructions, an ability to concentrate, and only mild depression, but no anxiety, mania, racing thought, pressured speech, memory loss, or loss of tangible thinking. Tr. 818.

- Plaintiff's report to his primary care physician that he was doing well on his prescribed psychotropic medication. Tr. 819.

- Dr. Kurzhal's July 2014 examination revealing an ability to understand and follow simple instructions with only mild defects in concentration. Tr. 819.

- Plaintiff's February 2015 evaluation at CMHC displaying good attention span and concentration. Tr. 820.

For the foregoing reasons, we MODIFY the Magistrate Judge's Report and Recommendation and REMAND the case to the ALJ for further consideration.[2] *Briscoe*

---

[2] As a final matter, we suggest as we have on past occasions, *see Bledsoe v. Colvin*, No. 1:15-cv-00011-SEB-MJD (S.D. Ind. March 17, 2015), that upon remand, the Commissioner assign a new ALJ to hear this matter. *See, e.g.*, *Travis v. Sullivan*, 985 F.2d 919, 924 (7th Cir. 1993) ("Selecting a new ALJ is a decision for the Secretary to make when there has been no proof of bias or partiality by the original ALJ of the case.").

*v. Sullivan*, 501 U.S. 89, 98 (1991) (holding that a court may remand the case after passing on its merits and issuing a judgment affirming, modifying, or reversing the Commissioner's decision.)

### III. Conclusion

For the foregoing reasons, we <u>OVERRULE IN PART</u> the Commissioner's objections and <u>MODIFY THE RECOMMENDED DISPOSITION</u> as set forth above. This case is <u>REMANDED</u> for further consideration in accordance with this Order.

IT IS SO ORDERED.

Date: \_\_\_\_9/30/2016_____ _____*[signature: Sarah Evans Barker]*_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James Roy Williams
jwilliams@yrmlaw.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
Kathryn.olivier@usdoj.gov